PETER ADAMS, ET AL.              *        NO. 2024-C-0282

VERSUS                        *        COURT OF APPEAL

ENTERGY NEW ORLEANS,     *        FOURTH CIRCUIT
INC.

                             *        STATE OF LOUISIANA

                             *

                             *

* * * * * * *

**ATKINS, J., CONCURS WITH REASONS.**

I concur because I agree with the decision to grant Relator's writ application, remand this matter to the trial court, and instruct the trial court to follow the procedure outlined in La. C.C.P. art. 154(B) under the circumstances presented herein; but I write separately for the following reasons.

According to La. C.C.P. art. 154(B), "if [a] motion to recuse sets forth a ground for recusal under [La. C.C.P. art.] 151, not later than seven days after the judge's receipt of the motion from the clerk of court, the judge shall either recuse himself or make a written request to the supreme court for the appointment of an ad hoc judge." However, La. C.C.P. art. 154(C) provides that "[i]f the motion to recuse . . . fails to set forth a ground for recusal under La. C.C.P. art. 151, the judge may deny the motion without the appointment of an ad hoc judge or a hearing but shall provide written reasons for the denial." In my opinion, the inherent problem with the present version of La. C.C.P. art. 154 is its ambiguity as to when a motion has sufficiently set forth a ground for recusal under La. C.C.P. art. 151 so as to necessitate recusal or appointment of an ad hoc under Paragraph B versus when the motion to recuse has failed to set forth a ground for recusal under La. C.C.P. art. 151, such that the trial judge may deny the motion without the appointment of an ad hoc judge or a hearing under Paragraph C. Moreover, La. C.C.P. art. 154 is

unclear as to whether and to what degree the judge who is the subject of the motion to recuse should consider the merits of the allegations in the motion before determining which La. C.C.P. art. 154 procedure to follow (i.e., recusal or request for appointment of ad hoc per Paragraph B instead of a denial with reasons per Paragraph C).

That is, La. C.C.P. art. 154 does not specify what constitutes setting forth a ground for recusal under La. C.C.P. art. 151. On the one hand, if the motion to recuse merely lists one of the La. C.C.P. art. 151 grounds without providing factual bases in support, is this insufficient to trigger La. C.C.P. art. 154(B)'s requirement to recuse or request the appointment of an ad hoc? On the other hand, if the motion to recuse lists one of the La. C.C.P. art. 151 grounds and provides factual bases in support, then is this sufficient to trigger La. C.C.P. art. 154(B)'s requirement to recuse or request the appointment of an ad hoc? Even if the motion to recuse provides factual bases in support of its La. C.C.P. art. 151 contention, then is the judge who is the subject of the motion to recuse the person who should determine whether these factual bases are meritorious under the grounds listed in La. C.C.P. art. 151 so as to trigger La. C.C.P. art. 154(B)? What if the motion to recuse does not specifically cite to one of the grounds listed in La. C.C.P. art. 151 but the assertions in the motion nonetheless implicate one of the grounds? And, again, is the judge who is the subject of the motion to recuse necessarily the person who should determine whether the allegations fall under one of the La. C.C.P. art. 151 grounds?

I believe the protracted procedural history of the case cited by the dissent emphasizes this problem. In *Arvie v. Washington*, Hubert Arvie ("Mr. Arvie") filed three motions to recuse; and, as described by the Louisiana Third Circuit Court of Appeal ("Third Circuit"), the first of those motions "alleg[ed] that, per [La. C.C.P.]

2

art. 151(B),[1] the entire court was biased against him due to the actions and inactions of multiple judges of this court, referencing both retired judges and current judges." 2023-563, p. 8 (La. App. 3 Cir. 5/1/24), ___ So.3d ___, ___, 2024 WL 1896193, at *3. In an October 9, 2023 order denying that motion the Third Circuit concluded that none of the alleged facts stated a ground for recusal but did not elaborate further as to why Mr. Arvie's allegations about the members of the court did not fall under La. C.C.P. art. 151. *Id.* Based on the Third Circuit arriving at that conclusion without stating specific reasons why, my concern is that La. C.C.P. art. 154(C)'s language about "the motion to recuse fails to set forth a ground for recusal under Article 151," could serve as a catchall by which judges who are the subject of a motion to recuse can deny the motion. Of note, the Third Circuit's October 9, 2023 order also stated that some of the facts alleged in Mr. Arvie's motion to recuse merely repeated allegations that an ad hoc judge, Judge Charles Porter, had already concluded were not reasonable grounds for recusal in another appeal by Mr. Porter under the Third Circuit's docket number 2022-0670 *Hubert Arvie v. Geico Casualty, et al.*[2] Thus, the Third Circuit's October 9, 2023 order demonstrates that Mr. Arvie set forth grounds for recusal under La. C.C.P. art. 151 so as to necessitate the appointment of an ad hoc in his appeal docketed as 2022-0670; but it is unclear from the Third Circuit's order what exactly Mr. Arvie alleged in that motion to recuse that constituted grounds for recusal under La. C.C.P. art. 151 so as to trigger La. C.C.P. art. 154(B)'s request for appointment of an ad hoc.

---

[1] Louisiana Code of Civil Procedure Article 151(B) states that "[a] judge of any trial or appellate court shall also be recused when there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner."

[2] This information comes from the Third Circuit's October 9, 2023 order.

I also point to *Recreation and Park Commission for Parish of East Baton Rouge v. Gautreaux*, 2023-0220 (La. App. 1 Cir. 6/20/23), 2023 WL 4072094. In that writ opinion, the Louisiana First Circuit Court of Appeal ("First Circuit") granted the writ and remanded the matter to the trial court to request the appointment of an ad hoc because the "motion set forth grounds of recusal under [La. C.C.P.] art. 151(B), asserting a substantial and objective basis for recusal based on [the trial judge]'s previous service as a board member on the defendant's board." However, in arriving at its decision that the recusal motion implicated La. C.C.P. art. 151(B), the First Circuit did not expound on whether the trial court judge should have requested the appointment of an ad hoc based on the mere allegation alone or if that decision should have been made because of the specifics of that case, e.g., if the trial court judge had been an active board member for many years. To this end, I point to *Anderson v. Dean*, wherein the Louisiana Fifth Circuit Court of Appeal stated that "whether the requirements of" the ground for recusal under La. C.C.P. art. 151(B) "are met will necessarily vary to some degree depending on the facts and circumstances of each case: the conduct complained of and the relationships and interests involved." 2022-233, p. 18 (La. App. 5 Cir. 7/25/22), 346 So.3d 356, 369. The Fifth Circuit further opined that "a judge's decision" in determining whether recusal is necessary "should be guided by the twin imperative duties of a judge: to try the case fairly and impartially on the one hand, and on the other to promote public confidence in the integrity and impartiality of the judiciary." *Id.* Thus, the Fifth Circuit's statements indicate a stance that the judge who is the subject of the motion to recuse should, at least to a certain degree, consider the facts and circumstances presented.

Considering the foregoing, I believe that La. C.C.P. art. 154 should more clearly articulate when a motion to recuse has sufficiently set forth a ground for recusal under La. C.C.P. art. 151 so as to necessitate recusal or appointment of an

ad hoc under Paragraph B versus when the motion to recuse has failed to set forth a ground for recusal under La. C.C.P. art. 151, such that the trial judge may deny the motion without the appointment of an ad hoc judge or a hearing under Paragraph C. I further believe that La. C.C.P. art. 154 needs to be more precise as to whether and to what degree the judge who is the subject of the motion to recuse should consider the merits of the allegations in the motion before determining which La. C.C.P. art. 154 procedure to follow (i.e., recusal or request for appointment of ad hoc per Paragraph B instead of a denial with reasons per Paragraph C).